Mr. Oscar Stilley 5111 Rogers Ave., Suite 516 Ft. Smith, AR 72903
Dear Mr. Stilley:
This is in response to your request, received by this office on February 15, 1994, for approval and certification of the following popular name and ballot title, pursuant to A.C.A.7-9-107 (1993 Repl.):
(Popular Name)
 ARKANSAS TAXPAYERS RIGHTS AND REPEAL OF SALES TAX ON SERVICES AND USED GOODS AMENDMENT
(Ballot Title)
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS REPEALING THE SALES AND USE TAXES ON USED MERCHANDISE PREVIOUSLY SUBJECTED TO A SALES OR USE TAX; REPEALING THE SALES AND USE TAX ON SERVICES SUCH AS LAWN MOWING, REPAIR OF MACHINERY, DEBT COLLECTION, STORAGE OF PERSONALTY, AND SIMILAR SERVICES; PROVIDING THAT TAXPAYERS MAY RECOVER BACK ILLEGAL OR WRONGFUL TAX PAYMENTS IF SUIT IS FILED WITHIN TWO YEARS OF PAYMENT; PROVIDING THAT TAXES ILLEGALLY OR ERRONEOUSLY IMPOSED, ASSESSED, OR COLLECTED MAY BE RECOVERED BACK UNLESS THE GOVERNMENT ATTEMPTED TO COMPLY WITH THE LAW AND THE TAXPAYER IN FAIRNESS OUGHT TO PAY THE TAX; REQUIRING VOTER APPROVAL TO IMPOSE OR INCREASE ANY TAX OR OTHER GOVERNMENTAL EXACTION, EXCEPT FOR CASES OF BONA FIDE EMERGENCY; PROVIDING THAT ANY INDIVIDUAL MAY RENOUNCE BENEFITS IN GOVERNMENT INSURANCE PROGRAMS FOR THE BENEFIT OF WORKERS, AND THEREBY RECEIVE EXEMPTION FROM LIABILITY FOR TAXES OR PREMIUMS WHICH MIGHT OTHERWISE BE DUE, AND RECEIVE ALTERNATIVE INSURANCE AND/OR CASH PAYMENTS IN THE AMOUNT THAT OTHERWISE WOULD HAVE BEEN PAID TO THE GOVERNMENT OR AN APPROVED INSURER, WHETHER THOSE PAYMENTS WERE TO BE MADE BY THE EMPLOYER OR BY THE EMPLOYEE; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF EXECUTING AND EFFECTIVE ON PASSAGE, EXCEPT FOR THE REPEALERS OF TAX WHICH SHALL BE EFFECTIVE JANUARY 1, 1995, AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463,466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207
(1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219,223, 226, 604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), citing Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying these precepts, it is my conclusion that the following popular name should be substituted for the one you have submitted:
(Popular Name)
 AN AMENDMENT REPEALING CERTAIN TAXES, REQUIRING VOTER APPROVAL OF NEW STATEWIDE TAXES OR TAX INCREASES, AND CHANGING EMPLOYMENT AND OTHER TAXATION LAW
It is also my opinion that the proposed ballot title should be supplemented to give the elector a fairer understanding of the issues presented. The submitted ballot title is therefore disapproved and the following substituted:
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION REPEALING CURRENT SALES AND USE TAX ON USED GOODS; REPEALING SALES AND USE TAX LEVIED ON CERTAIN SERVICES BY A.C.A. 26-52-301(3)(C) AND (E), 26-52-304(a)(2), AND 26-52-302; REVOKING THE COMMON LAW RULE AGAINST RECOVERY OF VOLUNTARY TAXES; CREATING A MINIMUM TWO-YEAR STATUTE OF LIMITATIONS FOR RECOVERING ILLEGAL EXACTIONS; DEFINING "ILLEGAL EXACTION"; PROHIBITING THE ENJOINING OF THE COLLECTION OR ASSESSMENT OF A LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH APPLICABLE LEGAL REQUIREMENTS AND THE TAXPAYER SHOULD NOT EQUITABLY ESCAPE LIABILITY FOR THE TAX; PROHIBITING THE IMPOSITION OR INCREASE OF A TAX OR EXACTION BY THE GENERAL ASSEMBLY ABSENT VOTER APPROVAL AT A REGULARLY SCHEDULED STATEWIDE ELECTION; AUTHORIZING THE LEGISLATURE TO REFER TAX INCREASES TO THE VOTERS UPON A MAJORITY VOTE; DEFINING AS A TAX INCREASE THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE RESULTING IN THE COLLECTION OF ADDITIONAL REVENUE FROM TAXPAYERS; DECLARING THIS SECTION INAPPLICABLE TO EXACTIONS IMPOSED AGAINST CRIMINALS; AUTHORIZING THE LEGISLATURE, IN A BONA FIDE EMERGENCY, BY VOTE OF THREE-FOURTHS OF THE MEMBERS OF EACH HOUSE, TO INCREASE AN EXISTING EXACTION DURING THE EMERGENCY; ALLOWING ANY PERSON TO CLAIM EXEMPTION FROM ANY GOVERNMENT SPONSORED OR MANDATED EMPLOYMENT RELATED INSURANCE OR QUASI-INSURANCE PROGRAM, BY RENOUNCING ANY CLAIM OF BENEFITS UNDER THE PROGRAM; REQUIRING APPROPRIATE PERSONS TO PAY AMOUNTS ORDINARILY PAID OR WITHHELD FOR PREMIUMS OR TAXES DIRECTLY TO THE PERSON CLAIMING EXEMPTION, OR TO OTHER AGREED UPON INSURANCE, SAVINGS, OR INVESTMENT PLANS; AUTHORIZING EMPLOYERS TO REQUIRE EMPLOYEES CLAIMING EXEMPTION TO CARRY ADEQUATE INSURANCE AND TO AGREE THAT IT SHALL BE THE EXCLUSIVE REMEDY; EXEMPTING GOVERNMENT ENTITIES FROM PAYING BENEFITS UNDER A PROGRAM WHEN EXEMPTION HAS BEEN CLAIMED, AND PROVIDING FOR THE RECOUPMENT OF BENEFITS PAID; REQUIRING THE AMENDMENT TO BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING LEGAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY UPON PASSAGE, EXCEPT THE REPEAL OF TAXES, WHICH SHALL TAKE EFFECT JANUARY 1, 1995.
Pursuant to A.C.A. 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure